————o————

No. 5466.

## MRS. E. K. MOSS, EXCT., vs. HAKENJOS PIANO MANUFACTURING COMPANY, LIMITED.

### Syllabus.

1. The requirements of the code that the price must be certain and determinate apply to the price alone and not to the general or accidental stipulations contained in the body of said lease.

2. The issues of fact are resolved in favor of the plaintiff.

Appeal from the Civil District Court for the Parish of Orleans, Division "B," No. 92,682, Hon. F. D. King, Judge.

Dinkelspiel, Hart & Davey, H. H. Price, for plaintiff and appellee.

Burns & Pratt, for defendant and appellant.

His Honor HORACE L. DUFOUR, rendered the opinion and decree of the Court, as follows:

The defendant leased from the plaintiff for a term of three years from October 1st, 1906, to September 30th, 1909, at $450.00 per month the premises at No. 930 Canal Street.

Among the stipulations of the lease was contained the following:

> "The lessees agree to put in at their own expense a serviceable freight and passenger elevator to the third floor satisfactory to lessor and lessees, the same to revert to the lessor at the expiration of the lease."

The defendant failed to put in an elevator and was sued by the lessor after the termination of the lease for the value thereof.

The claim is made that this clause is null under Article 2672, R. C. C., because not certain and determinate as required by Article 2672, R. C. C., the claim is unfounded, the article cited referring to the price only and not to the accidental stipulations of the lease.

The preponderance of proof is that a satisfactory and serviceable elevator would cost at least $1,800.00. Mr. Moss states positively that Mr. Davis, defendant's manager, told him the elevator would cost that amount and

the latter does not undertake to contradict that statement.

Without considering the testimony as to the first agreement of lease which is of doubtful admissibility and which appears to have been admitted as to one side and not as to the other, we think the plaintiff has proved his case and is entitled to recover.

Judgment affirmed.

Opinion and decree, November 25th, 1912.